UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20960-CIV-LENARD/GARBER

CAPITAL ONE, NATIONAL
ASSOCIATION, as Successor in
Interest to North Fork Bank,

     Plaintiff,

v.

M/Y VOYAGER, *in rem*, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Joan A. Lenard. Pursuant to such reference, the Court has received plaintiff Capital One, National Association's Motion for Summary Judgment Against *in personam* Defendants Dan Djurin and Ivan Djurin [DE 77], Defendants Dan Djurin and Ivan Djurin's Response in Opposition [DE 91], Capital One National Association's Reply [DE 104], and has held a hearing on the matter. The Court has also reviewed Defendants' supplemental filing [DE 110]. After due consideration, the Court respectfully recommends that Capital One National Association's Motion be GRANTED in part and DENIED in part.

## FACTUAL BACKGROUND

Djurin Marine, Inc., Dan Djurin, and Ivan Djurin entered into a Marine Loan Note and Security Agreement with Capital One National Association for $3,440,000. The Djurins signed the note as "Other Borrowers." Above their signatures, the contract states that by signing under that

section, "such person becomes personally liable for the Principal and interest thereon due under this agreement, and . . . secures the full payment and performance of the Obligations" as defined in the agreement.[1]  To secure the loan made by Capital One, Djurin Marine, Inc., through its President, Dan Djurin executed a First Preferred Ship Mortgage in the same amount on the M/Y Voyager.  The note required Defendant to maintain insurance on the vessel.  Defendant failed to make the required insurance payments and payments on the loan, thereby breaching the note.  Per the agreement, Capital One accelerated the obligations and demanded payment of the entire amount.  The principal amount due and owing to Capital One was $3,007,224.20.  Capital One sought summary judgment against *in rem* Defendant Vessel M/Y Voyager and Defendant Djurin Marine, Inc., which the Court granted.[2] The Court ordered a sale by the United States Marshal.  The vessel was sold at auction for $1,200,000.

Capital One contends that under the terms of the loan agreements, it is entitled to recover the principal loan amount, plus accrued interest, costs and attorney's fees. Capital One seeks a deficiency judgment, as well as attorney's fees and *custodia legis* charges and fees from Djurin Marine's principles, Dan Djurin and Ivan Djurin.  The Defendants argue that summary judgment is not proper because (1)  the mortgage terms do not apply to the individual defendants, Dan and Ivan Djurin; (2) the attorney's fees are unreasonable; (3) the *custodia legis* costs are unreasonable; and (4) the fair market value of the vessel, used in calculating the deficiency amount, is incorrect.  The Court is confronted with a matter of contract interpretation as well as factual disputes.

## DISCUSSION

Summary judgment is proper where the nonmoving party has failed to make a sufficient

---

[1]DE 1 at 15.
[2]DE 57.

showing on an essential element of its case which it has the burden of proving.[3]  In making this determination, the Court views all facts in the light most favorable to the nonmoving party.[4] Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[5]

## 1. The Obligations of Dan Djurin and Ivan Djurin

As an initial matter, it is necessary to determine whether the Djurins, as individuals, are responsible for the deficiency judgment.  The parties dispute whether the contracts obligate the Djurins, in their individual capacities, to pay the deficiency amount.   If a contract is clear and unambiguous, interpretation of it is a question of law.[6]  Whether a contract is ambiguous is also a matter of law that can be summarily disposed of.[7]  For the Court to find ambiguity, the provision must be susceptible to more than one reasonable interpretation.[8]  If the provision is clear, the Court should not strive to find it unclear.[9]  And the mere presence of a dispute, by itself, should not convince the Court that a genuine ambiguity exists.[10]   Furthermore, where a mortgage is executed contemporaneously and as part of the same transaction as a loan note, the documents should be construed together.[11]

---

[3]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[4]*Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).
[5]FED.R.CIV.P. 56(c).
[6]*Bragg v. Bill Heard Chevrolet, Inc.* 374 F.3d 1060, 1066 (11th Cir. 2004).
[7]*Orkin Exterminating Co., Inc. v. Federal Trade Commission*, 849 F.2d 1354, 1360 (11th Cir. 1988).
[8]*Sphinx Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburg*, 412 F.3d 1224, 1228 (11th Cir. 2005)
[9]*Id.*
[10]*Orkin*, 849 F.2d at 1360.
[11]*Sardon Foundation v. New Horizons Service Dogs, Inc.* 852 So.2d 416, 420 (5th DCA 2003).

3

The loan note and mortgage were executed at the same time, involved the same subject matter, and refer to each other.  Therefore, they will be read together.  The Defendants contend that they are not responsible for the deficiency payment since neither executed the mortgage in their individual capacities.  However, the Court reads the note without any ambiguity regarding the obligations of "Other Borrowers."  The line above all of the signature states that "THE PERSONS WHOSE SIGNATURE APPEAR BELOW AS EITHER A "BORROWER" . . . OR "OTHER BORROWER" AGREE TO THE TERMS AND CONDITIONS OF THIS AGREEMENT AND GRANT LENDER THE SECURITY INTERESTS DESCRIBED THEREIN."  Furthermore, the statement directly above the Djurins' signatures clearly and unambiguously advises them of their responsibilities as signatories.  Defendants' attempt to differentiate the meaning of "Borrower" from "Other Borrower" is without merit.  The contract explicitly states that "Other Borrowers" are personally liable "for payment of all the indebtedness under" the agreement.[12]  Therefore, the undersigned respectfully recommends that the Court make a finding that Capital One properly seeks payment of the deficiency judgment and other fees from the Djurins.

**2. Attorney's Fees**

The note provides for attorney's fees and costs in connection with enforcement of the note.[13]  From the inception of the lawsuit on February 28, 2009 to the date of the filing of the Motion for Summary Judgment, Capital One incurred attorney's fees in the amount of $86,135.57.[14]  The Defendants contest the reasonableness of the attorney's fees owed.  The Court may consider its own knowledge and experience when determining the reasonableness of attorney's fees.[15]  When reviewing

---

[12]DE 1 at Note, ¶2.
[13]*Id*. at ¶18.
[14]DE 77-2 at 2.
[15]*Loranger v. Stierheim et al.*, 10 F.3d 776, 782-83 (11th Cir. 1994).

4

a voluminous application for fees, it is not necessary for the court to "engage in an hour-by-hour analysis," and the Court may "reduce [the attorney's fees] in gross."[16]  The Court, in considering the reasonableness of the fees and costs sought, has considered the factors enunciated in *Johnson v. Georgia Highway Express, Inc.*, as well as the nature and extent of the services rendered and their value.[17]  Although *Johnson* involved an award of fees in a civil rights action, consideration of its factors is helpful to the Court. The Johnson factors are : (1) the time and labor required ; (2) the novelty and difficulty of the questions presented ; (3) the skill required to properly perform the legal services ; (4) preclusion of other employment by the attorney's acceptance of the case ; (5) customary fee for similar work in the community; (6) whether the fee for services is fixed or contingent ; (7) time limitations imposed by the client or circumstances ; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) undesirability of the case ; (11) the nature and length of the relationship with the client ; and (12) awards in similar cases. Based upon the Court's experience in other similar cases and the *Johnson* factors, the Court finds that the amount of fees sought are unreasonable.

The Court does not take issue with the hourly billing rates, however, there are other factors that mandate a reduction of fees.  The Court views this litigation as fairly short term when considering that the first docket entry appears in April 2008.  Furthermore, at the time of the filing of the Motion for Summary Judgment, only seventy-six docket entries appeared, which also points toward a limited amount of litigation.  Last, a review of the law firm's billing statement reflects instances of charges for work that is either duplicative of other work done, instances where administrative or secretarial

---

[16]*Id.* at 783.
[17]488 F.2d 714 (5th Cir . 1974).

work was billed as attorney or paralegal time, and excessive costs for services.[18]   Accordingly, the Court respectfully recommends that the attorney's fees be reduced by twenty-five (25) percent.

### 3. *Custodia Legis* Costs

The Defendants argue that the *custodia legis* costs are unreasonable and should be reduced. They have set forth an expert opinion with the reasons.  The reasonableness of the *custodia legis* charges presents an issue of material fact.  Therefore, the undersigned respectfully recommends that the this issue be presented to a finder of fact.

### 4. Value of the Vessel

Defendants argue that the deficiency judgment is calculated incorrectly because the amount used for the fair market value of the vessel is wrong.  Defendants rely on *J. Ray McDermott & Co., Inc. v. M/V Morningstar* for the proposition that the fairness of the sale price of a vessel at public sale is left to the discretion of the District Court.[19]   While this is valid, there is an important difference in the cited case law.  Here, the parties reached a contractual agreement about the determination of the fair market value.  Both contracts specifically state that "the actual price at which it was sold shall be deemed to be the fair market value of the Vessel."[20]   The calculation for the deficiency uses the amount that the vessel was sold at.  Because of the specificity of the language of the contract, Defendants do not make a valid argument.  The undersigned respectfully recommends that the Court find that there is no issue of fact regarding the value of the vessel.

---

[18]For instance, the Court finds a $1,460 fee on April 9, 2008 for obtaining arrest documents as excessive.  On the same date, Capital One was billed $742.50 for revising notices of deposition, and filing the mailing of the documents, and organizing file and updating the calendar to be excessive and in the province of non-billable secretarial work.

[19]457 F.2d 815, 819 (5th Cir. 1972).

[20]DE 1 at Mortgage, ¶39, and Note, ¶51.  *See Dietrich v. Key Bank, N.A.*, 693 F.Supp. 1112, 1116 (S.D. Fla. 1988) (recognizing that the federal law governing preferred mortgage foreclosures allows the parties to contractually agree to a private foreclosure sale).

## CONCLUSION AND RECOMMENDATION

For the reasons set forth above and based upon the Court's review of the record, and considerations of the submissions of the parties, the undersigned respectfully

RECOMMENDS that the plaintiff Capital One, National Association's Motion for Summary Judgment be GRANTED in part and DENIED in part.  The Court recommends that the reasonableness of *custodia legis* fees be presented to the finder of fact and recommends that the following findings be adopted:

1. Dan Djurin and Ivan Djurin are responsible parties for any obligations under the loan and mortgage agreements.

2. The attorney's fees are unreasonable and should be reduced by twenty-five (25) percent.

3. The value of the vessel used in calculating the deficiency judgment is the price at which it was sold at auction, $1,200,000.

The parties have ten days from the date of this Report and Recommendation within which to file written objections, if any, with the U.S. District Judge Joan A. Lenard.[21]  Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein.[22]

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 4th day of November, 2009.

*Barry L. Garber*
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

_____

[21]*See* 28 U.S.C. § 636 (1991).
[22]*LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988).