UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20960-CIV-LENARD/GARBER

CAPITAL ONE, NATIONAL
ASSOCIATION, as Successor in
Interest to North Fork Bank,

    Plaintiff,

v.

M/Y VOYAGER, *in rem*, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Joan A. Lenard.  Pursuant to such reference, the Court has received plaintiff Capital One, National Association's Motion in Limine to Exclude Testimony of Allister Dredge [DE 88], Defendants Dan Djurin and Ivan Djurin's Response in Opposition [DE 98], and Capital One National Association's Reply [DE 103].  After due consideration, the Court respectfully recommends that Capital One National Association's Motion be GRANTED.

## FACTUAL BACKGROUND

Djurin Marine, Inc., Dan Djurin, and Ivan Djurin entered into a Marine Loan Note and Security Agreement with Capital One National Association for $3,440,000.00.  The Djurins signed the note as "Other Borrowers."  Above their signatures, the contract states that by signing under that section, "such person becomes personally liable for the Principal and interest thereon due under this agreement, and . . . secures the full payment and performance of the Obligations" as defined in the

agreement.[1] To secure the loan made by Capital One, Djurin Marine, Inc., through its President, Dan Djurin executed a First Preferred Ship Mortgage in the same amount on the M/Y Voyager. The note required Defendant to maintain insurance on the vessel. Defendant failed to make the required insurance payments and payments on the loan, thereby breaching the note. Per the agreement, Capital One accelerated the obligations and demanded payment of the entire amount. The principal amount due and owing to Capital One was $3,007,224.20. Capital One sought summary judgment against *in rem* Defendant Vessel M/Y Voyager and Defendant Djurin Marine, Inc., which the Court granted.[2] The Court ordered a sale by the United States Marshal. The vessel was sold at auction for $1,200,000.

Capital One seeks a deficiency judgment. The parties contractually agreed that the fair market value of the yacht would be accepted as the amount the vessel was sold for at a judicial sale. Paragraph 39 of the Mortgage states, in pertinent part,

> Deficiency. …Mortgagee shall be entitled to collect any deficiency from Mortgagor. For the purpose of determining the amount of any deficiency, Mortgagor stipulates and agrees that if the Vessel is sold by judicial sale, or under judicial supervision or approval, or by public or private sale in a commercially reasonable manner, the actual price at which is was sold shall conclusively be deemed to the be the fair market value of the vessel, and the deficiency shall be the difference between the total outstanding Obligations secured by this Mortgage and the net sale proceeds remaining after deducting from the actual selling price of the Vessel all costs and expenses incurred. Mortgagor shall be entitled to any surplus to the extent that such surplus is not required by law to be paid to other persons with liens on the Vessel, subject to set-off in favor of Mortgagee for any the indebtedness of Mortgagor.[3]

Paragraph 51 of the Note and Security Agreement states, in pertinent part,

> Deficiency. …Lender shall be entitled to collect deficiency from Grantor. For determining the amount of deficiency, Grantor agrees that if the vessel is sold

---

[1] DE 1 at 15.
[2] DE 57.
[3] DE 88 at Exh. B, ¶39.

>by judicial sale or under judicial supervision or approval, or by public or private sale in a commercially reasonable manner, the actual price at which it was sold shall be deemed to be the fair market value of the Vessel, and the deficiency shall be the difference between the total outstanding Obligations secured by the Agreement and the net sale proceeds remaining after deducting from the actual sale price of the Vessel all costs and expenses incurred.[4]

## DISCUSSION

Capital One is moving to exclude the testimony of Allister A. Dredge, Defendants' expert on yacht value.  Plaintiff contends that the expert testimony should be excluded because it is irrelevant as the parties contractually agreed that the market value of the yacht would be accepted as the price received at the judicial sale, and therefore will not be helpful to the trier of fact.  Capital One also contends that the opinion is inadmissible because it is not based on sufficient facts or data. Defendants contend that the Court has the discretion to assess the fair value of the vessel.

The admissibility of the disputed expert testimony is governed by Federal Rule of Evidence 702, as explicated by the Supreme Court in *Daubert* and its progeny[5]. Rule 702 provides as follows:

>If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.[6]

Whether expert testimony assists the trier of fact "goes primarily to relevance."[7]  A trial judge is tasked with determining whether an expert will testify to "(1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue."[8]  The Eleventh Circuit has

---

[4] DE 88 at Exh. A, ¶51.
[5] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).
[6] FED. R. EVID. 702.
[7] *Daubert*, 509 U.S. at 591.
[8] *Id.*

explained that Rule 702 requires the trial court to engage in a "rigorous three-part inquiry" in determining the admissibility of expert testimony.[9] The court must consider whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.[10]

When considering whether the testimony assists the trier of fact, "expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person."[11]

In the instant case, both contracts state that the price the vessel was sold at would be considered the fair market value and the value used for determining the deficiency judgment. Therefore, expert testimony regarding the value of the vessel is not necessary as the value of the vessel is not beyond the understanding of an average lay person. Therefore, the testimony is irrelevant as it will not be helpful to the trier of fact.

### CONCLUSION AND RECOMMENDATION

For the reasons set forth above and considerations of the submissions of the parties, the undersigned respectfully

RECOMMENDS that the plaintiff Capital One, National Association's Motion in Limine to Exclude Testimony of Allister Dredge be GRANTED.

The parties have ten days from the date of this Report and Recommendation within which to file written objections, if any, with the U.S. District Judge Joan A. Lenard.[12] Failure to file timely

---

[9] *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004).

[10] *Id.* (quoting *City of Tuscaloosa v. Harcros Chems, Inc.*, 158 F.3d 548, 562 (11th Cir. 1998)).

[11] *Id.* at 1262.

[12] *See* 28 U.S.C. § 636 (1991).

objections may bar the parties from attacking on appeal the factual findings contained herein.[13]

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 5th day of November, 2009.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

---

[13]*LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988).