UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20960-CIV-LENARD/GARBER/TURNOFF

**CAPITAL ONE, NATIONAL ASSOCIATION**, as Successor in Interest to North Fork Bank,

        Plaintiffs,

vs.

**M/Y VOYAGER,** *in rem***, DJURIN MARINE INC., DAN DJURIN and IVAN DJURIN**,

        Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION (D.E. 116)
ON CAPITAL ONE, NATIONAL ASSOCIATION'S MOTION IN LIMINE
TO EXCLUDE THE TESTIMONY OF ALLISTER DREDGE (D.E. 88)**

**THIS CAUSE** is before the Court on the Report and Recommendation on Capital One, National Association's Motion in Limine to Exclude Testimony of Allister Dredge, issued by U.S. Magistrate Judge Barry L. Garber on November 5, 2009 ("Report," D.E. 116).  On November 16, 2009, Defendants Dan Djurin and Ivan Djurin (collectively "Djurins") filed Objections to the Report and Recommendation ("Objections," D.E. 119). Plaintiff Capital One, National Association ("Capital One") did not file a response to the Djurins' Objections.  Having reviewed the Report and the Objections, the Court finds as follows:

    **I. General Background and Analysis**

As described in the Report and in this Court's December 7, 2009 Order Adopting

the Report and Recommendation on Capital One, N.A.'s Motion for Summary Judgment (D.E. 126), this case involves the Defendants' default under a loan agreement with Capital One's predecessor in interest, North Fork Bank, and Capital One's attempt to recover the principal loan amount, interest, costs and attorneys' fees resulting from that default.

Capital One seeks a deficiency judgment.  Under the Djurins' Marine Loan Note and Security Agreement ("Note") and First Preferred Ship Mortgage ("mortgage"), the amount of deficiency judgment is offset by the fair market value of the Motor Yacht Voyager ("Vessel").  (*See* Marine Loan Note and Security Agreement, D.E. 1 at 14, ¶51; First Preferred Ship Mortgage, D.E. 1 at 22, ¶39.)   For the purposes of calculating the deficiency judgment, the actual sale price of the Vessel "shall conclusively be deemed to be the fair market value of the vessel."  Mortgage, D.E. 1 at 22, ¶39.  On November 20, 2008, the Vessel was sold for $1,200,000.00 at a public auction held pursuant to this Court's November 6, 2008 Order. (*See* D.E. 57 at 7.)

Capital One now moves to exclude the testimony of Allister Dredge, the Djurins' expert witness on yacht value as irrelevant because the parties contractually agreed that the Vessel's fair market value would be accepted as the sale price of the Vessel at public auction  (See D.E. 88.)   This Court agrees.

As this Court found in its December 7, 2009 Order which granted partial summary judgment to Capital One against the Djurins, the parties have clearly and unambiguously contracted to accept the Vessel's sale price at a public sale, held in a commercially

reasonable manner, to be the fair market value of the Vessel.  (See D.E. 126 at 8-10.) Consequently, the fair market value of the Vessel will not be an issue at the parties' upcoming bench trial and any expert testimony on the subject of the Vessel's fair market value will be irrelevant.  *See* FED. R.EVID. 402.  Accordingly, the Court adopts the findings of the Magistrate Judge as described in the Report with respect to the testimony of Allister Dredge.

### II.  Conclusion

For the reasons described above, it is **ORDERED AND ADJUDGED** that:

1. The Report and Recommendation on Plaintiff Capital One, National Association's Motion in Limine, issued by U.S. Magistrate Judge Barry L. Garber on November 5, 2009 (D.E. 116), is adopted as stated in this Order.

2. The Motion in Limine to Exclude the Testimony of Allister Dredge, filed by Plaintiff Capital One, National Association on July 2, 2009 (D.E. 88) is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of December, 2009.

```
                                    _____
                                    JOAN A. LENARD
                                    UNITED STATES DISTRICT JUDGE
```